# DENNIS P. CAGLIA
### ATTORNEY AT LAW
502 SWEDE STREET
NORRISTOWN, PENNSYLVANIA 19401

FAX (610) 270-9666

(610) 275-7770



April 4, 2008

The Honorable Mary Pat Thynge
844 North King Street
Room 6100
Lockbox 8
Wilmington, De  19801

    Re:    <u>U.S.A. vs. Cook (#08-041)</u>

Dear Judge Thynge:

    Enclosed is a copy of the Response of James Cook to Government's Motion for Detention, the original of which will be filed with the clerk tomorrow.

    Please contact me if you have any problem or question concerning this matter.

                                          Very truly yours,

                                          Dennis P. Caglia

DPC/dlb
Enclosure
cc:    Mr. James Cook (w/enclosure)
        Shaun Weede, Esquire (fax only #302-573-6220 w/enclosure)
        The Honorable Mary Pat Thynge (fax #302-573-6451 w/enclosure)

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : |
| JAMES COOK | : #08-41 |

### RESPONSE OF JAMES COOK TO
### GOVERNMENT'S MOTION FOR DETENTION

Pursuant to 18 U.S.C. §§ 3142 and 3142, Defendant, James Cook, through counsel, respectfully submits this Reply to Motion for Detention and in support thereof avers as follows:

1.   Title 18 Section 3142 requires that a person charged with an offense be released on personal recognizance, upon execution of an unsecured appearance bond or upon conditions, unless the court determines pretrial release will not reasonably assure the appearance of the Defendant, James Cook, as required.

2.   The government has alleged there is a serious risk of flight if Mr. Cook is granted pretrial release and has proffered nothing in support of this allegation in the Motion for Detention, other than the statement that the statutory maximum incarceration for the drug offense is at least ten years.

3.   When conducting a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance as required the judicial officer shall take into account the following factors pursuant to Title 18 Section 3142(g):

1

### (1) Nature and Circumstances of Offense Charged

4.     This case does not involve a crime of violence, but rather, involves a single incident where agents arrested Mr. Cook for allegedly attempting to purchase cocaine from a confidential informant.

5.     There were no reports that any firearm was displayed, brandished or used in any way in connection with this incident.

### (2) Weight of the Evidence

6.     The evidence in this case involves almost exclusively the testimony of a previously arrested confidential informant and the agents who were handling him.

7.     The firearms involved in this case were in the home of James Cook which he shared with his common law wife, Sharon Jack, and their two children.

### (3) History and Characteristics of the Person

8.     The *character, physical condition and mental condition* of Mr. Cook are unremarkable. He has no history of mental illness, graduated from Thomas McKean High School in Wilmington, attended one year of college at the University of Miami and four years at the University of Delaware.

9.     The *family ties* of Mr. Cook include most of his family living in the District of Delaware and in Pennsylvania. He was born and raised in Delaware where he continuously has lived.

10.    Mr. Cook has two children ages four and seven with whom he lives and supports.

11.    Mr. Cook's father died in 1992 and his mother resides in Wilmington.

12. For at least the last twenty years Mr. Cook lived at 2325 Diamond Street, Wilmington, Delaware in a home that is titled in the name of his wife, Sharon Jack.

13. Since approximately 1989, Mr. Cook has been self employed as a general contractor in the greater Wilmington area.

14. Mr. Cook does not posses significant *financial resources*. However, through his family, there may be sufficient resources available to comply with any release conditions, including the posting of real estate.

15. The *past conduct* and *criminal history* contained in the Pretrial Services Report was not reviewed by Mr. Cook or his counsel. However, there may be only one prior conviction in 1987 as a result of a drug offense which occurred in 1985.

16. This conviction is the predicate offense which gives the court jurisdiction in this case.

17. Because the Pretrial Services Report was not reviewed, and because of the passage of twenty years since his prior conviction, Mr. Cook cannot address any *record concerning court appearances*. If there are any instances where Mr. Cook failed to appear, they are the result of some type of miscommunication or confusion rather that a serious flight to avoid prosecution.,

### (4) Nature and Seriousness of Danger to Others

18. That Mr. Cook is a danger to others has not been alleged in the Motion for Detention and is not supported by his past conduct. There is no history of assaultive behavior in regard to Mr. Cook.

### (5) Other Facts Negating Risk of Flight

19. Mr. Cook was arrested after this incident on January 3, 2008 and released.

20. At all times prior to his incarceration his whereabouts were known, and at no time did he fail to appear when contacted.

3

21. For over two months, Mr. Cook was aware of the pending federal investigation, and indictment, involving these charges and did not flee the district.

22. Mr. Cook was aware that law enforcement officials knew where he lived and he did not make any attempt to change his residence or otherwise conceal or disguise his whereabouts. He answered his cell phone whenever called.

23. Sharon Jack is willing to post the real estate at 2325 Diamond Street, Wilmington, Delaware as security for appearance of James Cook at all required court appearances.

WHEREFORE, Defendant, James Cook, respectfully requests this court deny the government's Motion for Pretrial Detention.

_____
Dennis P. Caglia, Esquire