AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
v.
James Howard Cook
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  CR08-41-JJF

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed  that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC § 841 .
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence  X a preponderance of the evidence: there are no conditions or combination thereof that will reasonably assure defendant's appearance as require and the safety of the community which warrants defendant's detention for the following reasons:

**Nature of the offenses:** defendant is charge with attempt to possess with intent to deliver and possession of a firearm by a person prohibited. Both are considered very serious offenses and the drug related offense carries the rebuttable presumption.

**Strength of the Evidence:** The evidence show that through the assistance of a CI with tape conversations, a drug meet was set up during which "fake" cocaine was to be delivered to defendant for a previously agreed upon price. At the time of his initial arrest on January 3, 2008 with the set-up with the DEA, defendant was found with 11 oz of coke and $5000 in his possession. Afterwards defendant provided a Mirandized statement that he previously purchased on a regular basis 1 oz amount which he sold in 8 balls (1/8 amounts); he admitted to also selling Percocet (a narcotic pain reliever) to his workers for $10/pill which he claimed made them relaxed and more productive. He also claim that he ws only taking the fake coke as collateral and was serving as a broker and would give the CI the amounts that he needed when he made the sales. Essentially, defendant admitted to bankrolling the deal. A search of his home elicited 11 firearms, most collector's items of long gun. However, there were two handguns located, including a Lugar pistol. Also found was a scale, 50+ Percocet and a knife with coke residue. He claims that the handgun was for his personal protection stating that "I don't wait for the cops. I will kill someone." As a result of his arrest, he allegedly began cooperating with the DEA and was released. He was re-arrested on March 17, 2008 coming out of a room at the Red Roof Inn. In his possession were 51 Percoset tablets for distribution to his workers. Further, the 19 year old girl in the hotel room had in her possession 4 pills of another substance which she advised that she purchased or got from defendant. therefore, while out on release and cooperating defendant was continuing in his illegal drug trade. Further while on release, he got into a public argument (almost altercation) with the CI during which he announced that the CI was cooperating with the police.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Characteristics of Defendant:** In addition to the present charges and his behavior while "cooperating," defendant has a 1985 possession with intent to deliver a narcotic schedule II substance (cocaine). Although that charge is over 20 years old, he did serve 36 months and it shows or suggests that defendant's present pattern is consistent with his past conduct. He presently has three outstanding warrants for FTA in various courts in DE. However, it is his flagrant disregard for the law as evidenced by his behavior on release that is most disturbing. As an independent construction supervisor, he apparently felt distributing prescription narcotic drugs to his workers was acceptable behavior. This suggests additional criminal activity not only for the distribution and sale, but also to access the quantity of the pills. The fact that he had held steady employment, is a life long resident with a significant other and children did not deter his criminal behavior – in fact, access to a workplace seems to have encouraged it.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 7, 2008 | _Signature_ |
|---|---|
| Date | Signature of Judicial Officer |
|  | Mary Pat Thynge, Magistrate Judge |
|  | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).