

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**                                    **Attorney for James Cook**

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

UNITED STATES OF AMERICA          :
                                  :
       vs.                       :
                                  :
   JAMES COOK                     :          #08-41

### MOTION OF DEFENDANT JAMES COOK TO DISCLOSE AND LIMIT
### THE INTRODUCTION OF EVIDENCE OF OTHER CRIMES, WRONGS, AND
### ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant, James Cook, by his undersigned counsel, hereby moves this Court to

order the government to disclose what evidence of other crimes, wrongs, and acts it

possesses and intends to use in the trial of this case, and to then hold a hearing to limit

the introduction of such evidence at trial.

The attached memorandum of law is hereby incorporated by reference.

D.P.C./s/

Dennis P. Caglia, Esquire
Attorney for Defendant,
James Cook

FILED

MAY  1 2008

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**                                    **Attorney for James Cook**

---

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

UNITED STATES OF AMERICA            :
                                    :
            vs.                     :
                                    :
        JAMES COOK                  :        #08-41

---

## MEMORANDUM OF LAW IN SUPPORT OF DISCLOSURE AND
## LIMITATION OF EVIDENCE PURSUANT TO RULE 404(b)

Defendant, James Cook, requests an order requiring the government to disclose prior conduct which it seeks to introduce into evidence at the time of trial. In addition, the Defendant requests an in limine hearing to determine the admissibility of such material.

Under Rule 404 of the Federal Rules of Evidence, the court must make a preliminary determination as to the admissibility of other crimes, wrongs, or acts pursuant to Rule 404(b), Federal Rules of Evidence. Fundamental fairness requires that the accused have notice of the government's intention to use such evidence, as well as the opportunity to review it in order to determine its probative value and prejudicial effect. Consideration in limine will also assist the trial court in its balancing of these factors prior to the court's exercise of its discretion under the rule.

The purpose of requesting pre-trial disclosure of the government's intentions in this regard is four fold: First, to obviate the need for curative instructions should the court, after the fact, determine that certain evidence should not have been developed in the

presence of the jury; second, to provide counsel the opportunity to address the proffered other crimes evidence in the course of its opening remarks to the jury; third, to weigh the crucial decision as to whether or not an accused should exercise his right to testify in his own defense; and fourth, to allow counsel to investigate the evidence and effectively prepare for trial.

Other crimes evidence, used impermissibly, may be persuasive of a defendant's propensity to commit a crime. United States vs. Long, 574 F.2d 761, 766 (3rd Cir. 1978). A jury which hears other crimes evidence, whether it is admitted as circumstantial evidence under Rule 404(b), or for impeachment purposes under Rule 609, is likely to conclude that "if he did it before, he probably did it this time." Gordon vs. United States, 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied, 390 U.S. 1029 (1968). In fact, courts have long acknowledged that "the average jury is unable, despite curative instructions, to limit the influence of a defendant's criminal record to the issue of credibility." United States vs. Puco, 453 F.2d 539, 542 (2nd Cir. 1971), cert. denied, 414 U.S. 844 (1972); see also United States vs. Figueroa, 618 F.2d 934, 943 (2nd Cir. 1980) (the Court recognized instances where instructions to a jury cannot overcome prejudice); United States vs. Palumbo, 401 F.2d 270, 273 (2nd Cir. 1968) (Courts should consider the propensity of a prior conviction to influence the minds of the jurors improperly).

Pursuant to Rule 404(b) of the Federal Rules of Evidence, evidence of other crimes, wrongs, or acts may be admissible to provide a defendant's motives, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The Third Circuit's approach is to admit all similar crimes relevant to the issue at trial except those which tend to provide only criminal disposition. Long, 574 F.2d at 766. Before such

evidence of other crimes is admissible, it must be relevant to an issue other than the character of the defendant and the probative value must not be substantially outweighed by the danger of unfair prejudices, confusion of the issue, or misleading material. United States vs. Mitchell, 666 F.2d 1385, 1389 (11th Cir. 1982); United States vs. Beechum, 582 F.2d 898 (5th Cir. 1978). It is conceded that any proffered evidence of other crimes might have probative value in proving something other than the defendant's propensity to commit the crime charged. As with any other relevant evidence, however, the trial court is to weigh its relevance against any prejudice that might occur to the defendant. United States vs. Goidman, 547 F.2d 778, 782 (3rd Cir. 1976). As to admissibility, the trial court has broad discretion in determining whether Rule 404(b) evidence is admissible. United States vs. Cooper, 577 F.2d 179 (6th Cit.), cert. denied, 439 U.S. 868 (1978); United States vs. Corey, 566 F.2d 429 (7th Cir. 1977); United States vs. Myers, 550 F.2d 1036 (5th Cir. 1977).

It is respectfully submitted that this hearing should be conducted prior to trial, given the number of factors to be considered and the need for fundamental fairness. This procedure  has been applied by various courts:

> [A]  trial judge does not have power in the exercise of sound discretion to make an advance ruling prohibiting the use of a prior conviction for impeachment of a defendant if he finds that a prior conviction negates credibility only slightly but creates a substantial chance of unfair prejudice.

Puco, 453 F.2d at 541, quoting United States vs. Palumbo, 401 F.2d at 273; see also United States vs. Provenzano, 620 F.2d 985 (3rd Cir. 1980) (On motion in limine, the court excluded a prior conviction which was too prejudicial and not probative of truthfulness).

In addition to determining whether the evidence conforms with the admissibility requirements of Rule 404(b), the court must consider the provisions of Rule 403, Federal Rules of Evidence.  The court must apply the balancing process of Rule 403 in order to protect the defendant from "unnecessary prejudice."  A careful consideration of the need for the evidence on a contested factual issue, of the prejudice which might result from admission, and of the public policies involved, is required before a decision is made. John McShain, Inc. vs. Cessna Aircraft Co., 563 F.2d 632, 635 (3rd Cir. 1977).  Such a balancing must be performed in the first instance, on the record, by the trial court, which is in the best position to determine the weight to be given the various relevant factors. United States vs. Leibowitz, 669 F.2d 894, 901 (3rd Cir. 1982).

For these reasons, the Defendant requests that the government be required to reveal any Rule 404(b) material.

Respectfully submitted,


D.P.C./s/

Dennis P. Caglia, Esquire
Attorney for Defendant,
James Cook

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**                           **Attorney for James Cook**

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

UNITED STATES OF AMERICA                 :
                                         :
          vs.                            :
                                         :
        JAMES COOK                       :        #08-41

## CERTIFICATION OF SERVICE

I, DENNIS P. CAGLIA, Esquire, hereby certify that on the date set forth below, a

true and correct copy of the foregoing Motion to Disclose and Limit the Introduction of

Evidence of Other Crimes, Wrongs, and Acts Pursuant to Federal Rule of Evidence

404(b), and Memorandum of Law in support thereof were served upon the following

counsel in the manner indicated below.

Service by first class mail as follows:

Shaun Weede, Esquire
United States Attorney's Office
1007 Orange Street – Suite 700
P. O. Box 2046
Wilmington, DE 19801

D.P.C./s/ _____

Dennis P. Caglia, Esquire
Attorney for Defendant,
James Cook

Date: May 1, 2008

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| JAMES COOK | : | #08-41 |

## ORDER

AND NOW, this _____ day of _____, 2008,   IT IS HEREBY ORDERED and

DECREED that the government shall disclose all evidence it has, the admissibility of

which is predicated upon Federal Rule of Evidence 404(b).

It is further ORDERED that a hearing on the admissibility of said evidence is set for

the _____ day of _____, 2008, in Courtroom _____, United States

Courthouse.

BY THE COURT:

_____
                                                                    J.

cc:   Dennis P. Caglia, Esquire
       Shaun Weede, Esquire