**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**                                   **Attorney for James Cook**

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| vs. | : | |
| JAMES COOK | : | #08-41 |

## MOTION FOR DISCLOSURE OF EVIDENCE FAVORABLE
## TO DEFENDANT, JAMES COOK, (BRADY MATERIAL)

Defendant, James Cook, by his attorney, Dennis P. Caglia, requests this Court to permit him to inspect or copy all evidence in possession or control of, or known to the Government, which may be favorable to him and material either to guilt or punishment, or which could reasonably weaken or affect any evidence proposed to be introduced against him, or which is relevant to the subject matter of the indictment, or which in any manner may aid him in the ascertainment of the truth. Such evidence should include, but not be limited to, the following:

1.   Statements of all persons who have been interviewed by an agent of the Government in connection with the subject matter of this case and whom the Government does not presently intend to call at trial.

2.   All statements or reports made by a prospective Government witness in connection with the subject matter of this case.

3.   The memoranda or summaries of any oral statements made to an agent of

the Government by any person in connection with the subject matter of this case, whether or not:

    A.    The statement, if in writing, has been signed or proved by the witness; or

    B.    The statement relates to the proposed subject matter or the direct testimony of the witness at trial.

4.    The stenographic recording or transcription of any oral statement made by any person to an agent of the Government in connection with the subject matter of the case, whether or not:

    A.    The stenographic recording or transcription is a substantially verbatim recital of the statement; or

    B.    The statement was recorded contemporaneously with its making; or

    C.    The statement relates to the proposed subject matter of the direct testimony of the witness at trial.

5.    The statements of persons, or memoranda or recordings or any oral statement of any persons, whether or not made to an agent of the Government.

6.    A summary reflecting the criminal records and prior bad acts of all persons the Government intends to call at trial, including any inducements or money offered and/or paid for any reason in connection with their agreement to testify at trial or in front of the Grand Jury.

7.    All reports and memoranda prepared by or on behalf of the Government or otherwise in connection with the investigation of this case.

8.    A list specifically identifying by name and address each person approached

by the prosecution or other governmental agency or agents and asked whether information implicating defendant in any criminal conduct could or would be provided.

9. Documentation revealing: the names of the foreman and deputy foreman of the Grand Jury which returned the instant indictment, the dates of each Grand Jury session and the attendance records thereof and the concurrence (and identification by number) of twelve legally qualified Grand Jurors in the vote to return each count of the instant indictment.

10. Information with respect to any deals, arrangements or promises entered into with any individuals working for or on behalf of the Government, or who are connected to this case in any manner.

WHEREFORE, defendant respectfully requests this Court to compel the Government to disclose to him all exculpatory evidence as illustrated, but not limited, by the above-numbered paragraphs, at a time sufficiently in advance of trial to afford his counsel ample time to review and evaluate all the documents which may be received pursuant to this request.

Respectfully submitted,

D.P.C./s/ _____
Dennis P. Caglia, Esquire
Attorney for Defendant,
James Cook

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**                                              **Attorney for James Cook**

---

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | |
| : | |
| JAMES COOK : | #08-41 |

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCLOSURE OF EVIDENCE FAVORABLE TO DEFENDANT, James Cook (BRADY MATERIAL)

Pursuant to the constitutional mandate of Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, defendant has made both general and specific requests for disclosure of evidence which may be favorable to him. In accordance with the policy of the Third Circuit to encourage the production of potentially exculpatory evidence well in advance of trial, see, United States v. Kaplan, 544 F.2d 577, 581 (3rd Cir. 1977), defendant requests that the Government be compelled to respond to his requests as soon as reasonably possible.

Brady v. Maryland, supra, forbids prosecutorial suppression of evidence favorable to an accused where such evidence is material to either the guilt or punishment of an accused. Evidence that might affect the outcome of the trial, including matters affecting the credibility of critical witnesses, is considered to be material to the defense. See, e.g.,

United States v. Agurs, 427 U.S. 97 (1976); Giglio v. United States, 405 U.S. 150 (1972); United States v. McCrane, 527 F.2d 906, 911 (3rd Cir. 1975).

When, as here, a substantial basis for claiming materiality exists, it is reasonable to require the prosecution to respond by furnishing the information or by submitting the problem to the trial judge, United States v. Agurs, 427 U.S. 97, 106 (1976). Defendant submits that the potentially exculpatory information requested in the attached motion and in his motion for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, may affect the outcome of his trial and that, accordingly, due process requires that such information be revealed to him. And, in keeping with the express dictates of this Court, where there exists any doubt in the prosecutor's mind as to the exculpatory potential of any evidence in his possession, he or she should resolve any doubtful questions in favor of disclosure. United States v. Deerfield Specialty Papers, Inc., 501 F. Supp. 796, 819 (E.D. Pa. 1980). In this regard, notwithstanding the provisions of the Jencks Act, 18 U.S.C. §3500, a statement by a prospective government witness should be disclosed pursuant to this motion, to the extent that it contains any Brady material. United States v. Five Persons, 472 F. Supp. 64, 69 (D. N.J. 1979).

In accordance with the requirements of due process, defendant, James Cook, respectfully requests this Court to compel the Government to disclose all requested exculpatory material.

Respectfully submitted,

D.P.C./s/ _____
Dennis P. Caglia, Esquire
Attorney for Defendant,
James Cook

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**                               **Attorney for James Cook**

---

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA | : |       |
|---|---|---|
|                          | : |       |
| vs.                      | : |       |
|                          | : |       |
| JAMES COOK               | : | #08-41 |

### CERTIFICATION OF SERVICE

I, DENNIS P. CAGLIA, Esquire, hereby certify that on the date set forth below, a true and correct copy of the foregoing Motion for Disclosure of Evidence Favorable to Defendant, James Cook (Brady Material) and Memorandum of Law in support thereof was served upon the following counsel in the manner indicated below.

Service by first class mail as follows:

Shaun Weede, Esquire
United States Attorney's Office
1007 Orange Street – Suite 700
P. O. Box 2046
Wilmington, DE 19801

D.P.C./s/ _____
Dennis P. Caglia, Esquire
Attorney for Defendant,
James Cook

Date: May 1, 2008

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| vs. | : | |
| JAMES COOK | : | #08-41 |

**ORDER**

AND NOW, this _____ day of _____ , 2008, upon consideration of the within Motion for Disclosure of Evidence Favorable to Defendant, James Cook, and the Government's response thereto,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that said motion is GRANTED and it is further ORDERED that the Government shall produce and permit defendant to inspect or copy all requested evidence no later than _____ , 2008.

BY THE COURT:

_____
J.

cc:  Dennis P. Caglia, Esquire
     Shaun Weede, Esquire