

**DENNIS P. CAGLIA, ESQUIRE**
Attorney for Defendant
502 Swede Street
Norristown, PA 19401
(610) 275-7770                                          **Attorney for James Cook**

---

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : |
| JAMES COOK | : #08-41 |

---

### MOTION OF DEFENDANT JAMES COOK TO SUPPRESS EVIDENCE

Defendant, James Cook, through his counsel, Dennis Caglia, Esquire hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an order suppressing for use by the government any and all evidence seized from Mr. Cook, on or about January 3, 2008, including any and all of Mr. Cook's statements made to law enforcement officers.

In support of this motion the defense submits as follows:

1.   Defendant, James Cook, was charged with attempting to possess with intent to distribute cocaine as a result of a "reverse sting" operation where a confidential informant (CI) made arrangements to sell Defendant ten ounces of cocaine.

2.   Although Defendant worked with CI in the past in conjunction with Defendant's general contracting business, Defendant had no prior history of cocaine purchases or sales with CI.

3.   Defendant previously lent money to CI to assist CI with prior criminal cases and also lent CI money for other purposes.

MAY - 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4. At least four telephone conversations between CI and Defendant were recorded, as was a post arrest statement of Defendant.

5. During the four recorded telephone conversations, and as explained by Defendant in his post arrest statement, CI approached Defendant with a sense of urgency to request a loan of "ten stacks" ($10,000) in order to pay his attorney in regard to the pending case against him.

6. Defendant was aware of the criminal case against CI and of CI's need to cooperate with the government in order to mitigate CI's criminal penalties.

7. Although not a part of any recorded telephone conversations CI told Defendant the loan would be secured by Defendant holding ten ounces of cocaine for CI.

8. Under pressure from the government, CI made arrangements to meet Defendant in order to get a loan from him to pay his legal fees.

9. During the fourth recorded telephone conversation, on the day of Defendant's arrest, CI and Defendant agreed to meet for coffee and at no time was a drug deal discussed.

10. Upon entering Defendant's truck CI almost immediately gave Defendant a bag of purported cocaine and the signal to government agents that the transaction was completed.

11. The entire episode is a result of the outrageous conduct of the government and/or government agent's which attempted to create a criminal case against Defendant, where none previously existed, in order to have CI cooperate with and placate the government.

12. The Fourth Amendment prohibits unreasonable searches and seizures. It is

well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States vs. Katz, 389 U.S. 3347, 357 (1967).

13.    A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States vs. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari. 499 U.S. 621, 626 (1991). Mr. Cook was clearly seized by police in this case. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483,494 (3d Cir. 2006).

14.    Where no probable cause and no warrant exist for a subsequent search, suppression of any evidence recovered will be required. United States v. Roberson, 90 F.3d 75 (3dCir.1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd Cir. 1980). In a warrantless search case the government bears the burden of establishing that the search comes within one of the exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951).

15.    In the present case, the warrantless search of the car, and subsequently Defendant's home, was in violation of the Fourth Amendment. Because the search was illegal, all evidence seized from this illegal search, including any statements taken from Mr. Cook following his seizure, must be

suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

16. The defendant also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal seizure. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

17. It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

18. In this case, prior to being questioned by police, Mr. Cook was not advised of his rights pursuant to Miranda, and there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant).

WHEREFORE, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to

suppress the evidence and statements as discussed above.

Respectfully submitted,

D.P.C./s/ _____
Dennis P. Caglia, Esquire
Attorney for Defendant,
James Cook

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**                                    **Attorney for James Cook**

---

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : |
| JAMES COOK | : #08-41 |

---

### CERTIFICATION OF SERVICE

I, DENNIS P. CAGLIA, Esquire, hereby certify that on the date set forth below, a true and correct copy of the foregoing Motion to Suppress and Memorandum of Law in support thereof were served upon the following counsel in the manner indicated below.

Service by first class mail as follows:

Shaun Weede, Esquire
United States Attorney's Office
1007 Orange Street – Suite 700
P. O. Box 2046
Wilmington, DE 19801

D.P.C./s/ *[signature]*

Dennis P. Caglia, Esquire
Attorney for Defendant,
James Cook

Date: May 1, 2008

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : |
| JAMES COOK | : #08-41 |

### ORDER

AND NOW, this        day of          , 2008,   IT IS HEREBY ORDERED and DECREED that the Court having considered Defendant, James Cook's Motion to Suppress Evidence and statements and good cause having been shown that any evidence seized at the time of Mr. Cook's arrest, including any statements made by Mr. Cook and any evidence seized as a result of any subsequent searches, shall be suppressed.

BY THE COURT:

_____
J.

cc: Dennis P. Caglia, Esquire
    Shaun Weede, Esquire