**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**

---

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| JAMES COOK | : | #08-41 |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS**

Defendant, James Cook, through his counsel, Dennis Caglia, Esquire hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an order suppressing for use by the government any and all evidence seized from Mr. Cook, on or about January 3, 2008, including any and all of Mr. Cook's statements made to law enforcement officers and in support thereof files this memorandum.

**FACTS**

"I'm not saying you would have done the deal there, nevertheless you would have done it".  This quote by special agent Hughes was made at approximately fifteen minutes, thirty five seconds into the January 3, 2008 post arrest statement given by Mr. Cook. (See Government Exhibit 6).  From the time the Confidential Source entered Mr. Cook's vehicle on January 3, 2008 until the arrest "signal" was given "was matter of 30 seconds of

1

contact". (June 4, 2008 Suppression Hearing Notes of Testimony [N.T.] at page 34). This short prearrest period allowed for little or no time for any discussion in regard to the details of the alleged drug transaction. During the December 27, 2008 and January 3, 2008 period, four tape recorded telephone conversations between Confidential Source and Mr. Cook were made (See Government Exhibit 2). During those recorded conversations the words coke, cocaine or drugs were not used (N.T. 47) and Mr. Cook stated approximately eleven times he wanted to meet with the Confidential Source (See Government Exhibit 2). However, Confidential Source did tell Mr. Cook with a sense of urgency on several occasions he needed money for his lawyer, in particular 10 stacks or $10,000 (N.T. 17). Confidential Source had previously borrowed money from Mr. Cook, including money for attorney's fees in regard to a previous case, and used this pretense to arrange the January 3, 2008 meeting with Mr. Cook (See Government Exhibit 6).

## ARGUMENT

The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States vs. Katz, 389 U.S. 3347, 357 (1967). A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States vs. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari. 499 U.S. 621, 626 (1991). Mr. Cook was clearly seized by police in this case. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged

in criminal activity. Couden v. Duffy, 446 F.3d 483,494 (3d Cir. 2006).

Where no probable cause and no warrant exist for a subsequent search, suppression of any evidence recovered will be required. United States v. Roberson, 90 F.3d 75 (3dCir.1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd Cir. 1980). In a warrantless search case the government bears the burden of establishing that the search comes within one of the exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951). In the present case, the warrantless search of Mr. Cook's vehicle, and subsequently his home, was in violation of the Fourth Amendment. Because the search was illegal, all evidence seized from this illegal search, including any statements taken from Mr. Cook following his seizure, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

Mr. Cook also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal seizure. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

## CONCLUSION

Because there existed no probable cause to arrest James Cook on January 3, 2008, all evidence seized as a result of the arrest, including post arrest statements, along with evidence obtained from any post arrest searches, must be suppressed.

                                       d.p.c. /s/_____

                                       Dennis P. Caglia, Esquire

Date:  June 19, 2008

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**                                                    **Attorney for James Cook**

---

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| JAMES COOK | : | #08-41 |

---

### CERTIFICATE OF SERVICE

I, Dennis P. Caglia, Esquire, Attorney for Defendant, James Cook, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Suppress has been served on the following electronically:

Shaun Weede, Esquire
United States Attorney's Office
1007 Orange Street – Suite 700
P. O. Box 2046
Wilmington, DE 19801

                                                                    d.p.c. /s/
                                                                    _____
                                                                    Dennis P. Caglia, Esquire
                                                                    Attorney for Defendant,
                                                                    James Cook

Date:  June 19, 2008

5